## Commonwealth, to use, Appellant, v. Smith.

*Criminal law—Bail for appearance—Two or more actions—Consolidation of actions—Act of March 10, 1905, P. L. 35.*

Where a person is charged on three separate complaints with selling liquors without a license on three separate days, and he enters bail with surety in each case, but after three separate transcripts were filed the district attorney consolidates the actions and only one indictment is found, the surety is liable on all three of the bonds, if the prisoner fails to appear for sentence, notwithstanding the consolidation of the actions.

The Act of March 10, 1905, P. L. 35, was intended to prevent a duplication of costs, where there is a duplication of cases, but it does not affect the validity of the proceedings where there has been a duplication.

Argued Nov. 18, 1915.    Appeal, No. 324, Oct. T., 1915, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1913, No. 75, for defendant on case tried by the court without a jury in case of Commonwealth to use of the Bradford County v. Michael Smith.    Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Issue to determine the amount due on a judgment.

The case was tried by MAXWELL, P. J., without a jury under the Act of April 22, 1874.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in finding that the total liability of the defendant was $400 instead of $1,200.

*Rodney A. Mercur,* County Solicitor, for appellant.—On a forfeiture regularly entered of record, the liability of the recognizors becomes absolute: Respublica v. Cobblett, 3 Dallas 467; Shriver v. Com., 2 Rawle 206; Rhoads v. Com., 15 Pa. 272; Com. v. Ross, 6 S. & R. 427; Cockran v. Parker, 6 S. & R. 549; Com. v. Finney, 17 S. & R. 282; Com. v. Savage, 30 Pa. Superior Ct. 364; Pierson v. Com., 3 Grant 314; Mishler v. Com., 62 Pa. 55; Com. v. Harvey, 222 Pa. 214; Fox v. Com., 81½ Pa. 511; Com. v. Blumberg, 56 Pa. Superior Ct. 589.

*J. Roy Lilley,* with him *Wm. P. Wilson* and *Charles C. Yocum,* for appellee.—The courts are empowered to moderate recognizances: Com. v. Stegmaier, 5 Kulp 502; Com. v. Real Est. T. I. & T. Co., 22 Pa. Superior Ct. 235; Com. v. Cohen, 22 Pa. Superior Ct. 55; Com. v. Harvey, 222 Pa. 214; Com. v. Messer, 19 Pa. Superior Ct. 1; Com. v. Taylor, 1 Chest. Co. 263; Com. v. Phillips, 8 Kulp 230; Com. v. McAnany, 3 Brewst. 292; Com. v. Gaul, 2 Woodw. 70.

OPINION BY TREXLER, J., March 1, 1916:

We take the following from the facts as found by the lower court, that three separate complaints were made against Felice Marone, charging him with selling liquors without a license on three separate days; that in each case the defendant became surety in the sum of $200.00 for the appearance of the said Marone at court; three separate transcripts being filed. The district attorney consolidated the actions, and only one indictment was found against him, and thereon he was tried and convicted. When called for sentence, Marone failed to ap-

pear, "and the three recognizances were all duly forfeited." The identical procedure was had in the case against Peter Marone, and the three recognizances, each of $200.00, were duly forfeited, the aggregate amount of the forfeited recognizances in all of the cases being $1,200.00. The forfeitures were certified, suit was brought and judgment was entered against the defendant for $1,200.00 for want of an affidavit of defense. Upon petition and rule the judgment was opened, and the court held, "That the consolidation of the transcripts against each defendant, and the indictments following this consolidation as found by the grand jury, relieves the defendant, Michael Smith, from the liability upon all said transcripts, except one recognizance in each case, or a total liability of $400.00 in both cases."

The Act of March 10, 1905, P. L. 35, provides that it shall be unlawful for any person instituting or prosecuting a criminal suit to duplicate any return, complaint, information, indictment, warrant, subpœna or other writ, where the offenses charged grew out of the same transaction, and the second section makes it unlawful to tax costs in more than one case where the offenses might have been included in one complaint or indictment. If we look at the act, it is very evident that its purpose was to prevent a duplication of costs. The title to the act is "An act relating to the institution, prosecution and taxation of costs in criminal cases." The preamble refers to certain practises which have arisen in criminal cases whereby unjust burdens have been placed upon the taxpayers of this Commonwealth. But the act does not, in case of a duplication of cases, affect the validity of the proceedings. The act of the officer in duplicating cases is unlawful, but each complaint, information, etc., is lawful. It still remains as part of the proceedings although it is combined with the others in one case. The only result of the violation of the Act of 1905 is that the officer loses his costs in such cases in which he offends against the act.

When this defendant entered into six recognizances, each was a binding obligation. Their efficacy was not destroyed by the consolidation of the actions. None of the recognizances dropped out of the case by such action of the district attorney. The act provides for consolidation, not elimination. We think the lower court was wrong in coming to the conclusion that the effect of the Act of 1905 in the present proceedings, after the district attorney consolidated the cases, was to limit the defendant's liability to one recognizance, as to each defendant. We think each recognizance remains unaffected by the act. Under the Act of Dec. 9, 1783, 2 Smith 84, 2d Vol., the power is given to the Court of Common Pleas to order recognizances to be levied, modified or remitted on hearing the circumstances of the case according to equity and their legal discretion. We do not question the right of the court to "modify or remit" as provided by said act. The court, however, did neither in the case before us. It found, as a matter of law, that in view of the consolidation of the cases defendant's liability ceased on all but two recognizances, one as to each of the two parties indicated. As stated before, we think this conclusion is erroneous.

The judgment is reversed and the record is remitted to the court below with instructions to enter judgment in accordance to this opinion unless cause be shown to the contrary. Appellee for costs.