# Commonwealth, to use, *v.* Smith, Appellant.

*Criminal law—Bail for appearance—Consolidation of actions.*

Where two persons are charged on three separate complaints with selling liquors without a license on three separate days, and they enter bail for two hundred dollars with the same surety in each case, aggregating twelve hundred dollars, and after three separate transcripts are filed in each case the district attorney consolidates the actions, and only one indictment is found in each case, the surety is liable on all of the bonds, and when such liability has been established on an appeal to the Superior Court, the surety has no standing, after the case has been remitted and a judgment entered in accordance with the directions of the Superior Court, to ask the court below to remit and modify the forfeited recognizance for all in excess of four hundred dollars.

Argued Nov. 23, 1916.   Appeal, No. 346, Oct. T., 1916, by defendant, from order of C. P. Bradford Co., Dec. T., 1913, No. 75, refusing to remit forfeiture of recognizance in case of Commonwealth, to use of Bradford County, v. Michael Smith.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition to modify or remit recognizances.

Plaintiff's statement alleged a forfeited recognizance in the Quarter Sessions in two cases in each of which three transcripts were filed with bail of $200 on each transcript, making a total of $1,200.

Defendant's affidavit of defense and answer alleged that in each case the three transcripts were consolidated into a single indictment, and that defendant's liability ceased on all but two recognizances.

The case was submitted to the court under the Act of 1874 and the court found in accordance with defendant's contention.

Upon appeal to the Superior Court, the following order was entered: "The judgment is reversed, the record is remitted to the court below, with instructions to enter judgment in accordance to this opinion, unless cause be shown to the contrary. Appellee for costs." See Com. v. Smith, '62 Pa. Superior Ct. 288.

The defendant filed a petition asking the court to remit and modify the forfeited recognizance for all in excess of $400.

The plaintiff answered denying the power of the court to remit to modify the forfeiture after the entry of judgment by direction of the Superior Court.

The court filed an opinion refusing to modify or remit the said forfeiture.

*Error assigned* was the order of the court.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellant. —The entry of judgment for want of an affidavit of defense on a scire facias sur forfeited recognizance, and the affirmance of that judgment by the Supreme Court does not take away the power of the Court of Common Pleas to open the judgment and let the defendant into a defense, nor exercise the discretion given by the acts of assembly in remitting the recognizance: Com. v. Taylor, 1 Chester Co. Reports 261.

*Rodney A. Mercur,* County Solicitor, for appellee, cited: Wood v. Kerkeslager, 227 Pa. 536; Norfolk & Western Ry. Co. v. Swift, 59 Pa. Superior Ct. 603; Jenkins v. Scranton, 205 Pa. 598; Hartman v. Pittsburgh

Incline Plane Co., 11 Pa. Superior Ct. 438; Raisig v. Graf, 17 Pa. Superior Ct. 509; Brandenburg v. Brooke, 45 Pa. Superior Ct. 490; Com. v. Bednarek, 62 Pa. Superior Ct. 118.

OPINION BY TREXLER, J., December 18, 1916:

This case has been before this court in Com., to use, v. Smith, 62 Pa. Superior Ct. 288. The record was remitted to the court below with instructions to enter judgment in accordance to the opinion filed "unless cause be shown to the contrary." The case arose upon a suit upon several recognizances and we held that a consolidation of the several actions under the Act of March 10, 1905, P. L. 35, did not invalidate any of the recognizances; that the purpose of the above act was merely to prevent a duplication of costs. On the return of the record, a petition was presented to the lower court to remit or modify the recognizances under the Act of December 9, 1783, 2 Smiths 84, Section 2. This the courts are permitted to do "according to equity and their legal discretion." The court below refused to grant the prayer of the petition and we think showed no abuse of discretion in so doing. We quote from its opinion, "The defendant took his chances, upon the defense set out, in his original affidavit of defense. The judgment was opened, and an issue framed, and this issue has been decided by the court, against the defendant. Therefore, it appears to the court, that the defendant has had his day in court, and is bound by the order and decree of the court, in said case. If the court is to modify or remit...... according to equity and their legal discretion, does this mean, that when a party denies his liability, and a suit is brought to collect the amount of the recognizances and a final judgment is obtained by the party bringing the suit, at considerable expense and trouble, that then and under those facts, the court should deprive the successful party of the fruit of his litigation, by summarily wiping out the judgment, because it would be a possible hardship upon

the defendant. This, as we view it, would not be equity, neither would it be legal discretion, but would be arbitrary." The court also questioned its power to remit the forfeiture under the order of the Superior Court. We need not discuss whether the court was right or wrong in its view as to the extent of its power in the premises. The reasons given for the refusal of the petition under its equitable powers are amply sufficient to sustain the order.

Judgment affirmed.