# Commonwealth v. Kreisher, Appellant.

*Criminal law and procedure—Trial—Delay—Several defendants —Right to joint trial—Acts of March 31, 1860, P. L. 427, section 65, and March 10, 1905, P. L. 35.*

Where one of seven defendants, charged with felonious entry, larceny and receiving stolen goods, was admitted to bail and once or twice agreed to or requested a continuance of his trial, he will not be heard to complain, upon appeal, because the district attorney called his case for trial after the trials of the six other defendants who had not been admitted to bail. In the absence of proof to the contrary, the presumption is that the action of the district attorney was controlled by some legal reason, and was not prejudicial to the defendant.

The 65th section of the Act of March 31, 1860, P. L. 427, and the Act of March 10, 1905, P. L. 35, regulate costs and do not change the rule that where more than one join in the commission of an offense, all or any of them may be indicted jointly or severally. A motion to quash the indictment, because all the defendants were not indicted in one bill, was properly refused, where it did not appear that the defendant was prejudiced by the indictment.

Argued April 13, 1922.  Appeal, No. 17, Oct. T., 1922, by defendant, from judgment of Q. S. Bucks County, Sept. Sessions, 1920, No. 30, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Mahlon Kreisher.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for felonious entry, larceny, and receiving stolen goods.  Before RYAN, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.  Defendant appealed.

*Errors assigned,* inter alia, were refusal of defendant's motion to quash the indictment, in arrest of judgment, and for new trial.

*Harman Yerkes,* for appellant.

*Hiram H. Keller,* District Attorney, for appellee.

OPINION BY LINN, J., July 13, 1922:

Appellant was tried and convicted of charges made in fourteen bills of indictment; a new trial was granted as to four, and sentence was suspended as to nine.  He was sentenced on a bill charging felonious entry, larceny and receiving stolen goods and has appealed, alleging errors, now considered in the order stated in the argument presented on his behalf.

The first assignment asserts that "appellant did not have a fair, impartial and judicial trial in the court below."  In support of that the brief states that "It appears by the informations filed in this and other cases that the defendant, together with six others was charged with felonious entry and kindred offenses committed as alleged by all of the defendants jointly who were indicted in fifty-three bills of indictment, upon which they were proceeded against in the court below in separate trials.

That the last offenses were alleged to have been committed on July 1, 1920.   That a true bill was found against the defendant in the issue now before this court on September 15, 1920.   The district attorney, by authority of his office, elected to try all of the other defendants before calling the case now before the court and it was not until June 13, 1921, almost a year after the offense was committed that the defendant was put upon his trial after all of the other persons charged in said bills of indictment had been tried and had been convicted or entered pleas of guilty, excepting one Charles Jacobs whose trial occurred at the sessions before the defendant was put upon trial and who was acquitted." As the record contains nothing to show that what was done, as so described, was not done for some legal reason, we may not assume that it was done in circumstances prejudicial to appellant. The presumption is the other way. Moreover, we learn from the brief of the Commonwealth, that "the other defendants, who were in prison awaiting trial, were given precedence. This defendant on at least one, if not two occasions, agreed and requested that his case be continued for the term......" The defendant had been admitted to bail. The first assignment of error is overruled as unsupported by anything in the record.

The second, third and fourth assignments are grouped in appellant's argument. The second complains of the refusal to quash the indictment; the third, of the refusal to arrest the judgment; and the fourth of the refusal to grant a new trial. The motion to quash was based on the proposition that as the informations showed that a number of persons were charged with having committed offenses, they should have been indicted together and not separately, and that section 65 of the Act of March 31, 1860, P. L. 427, and the Act of March 10, 1905, P. L. 35, prohibited the separate indictment of the parties jointly accused in the information.

Section 65 of the Act of 1860 and the Act of 1905 were intended to prevent duplication of costs. The former provides that "in all cases where two or more persons have committed an indictable offense, the names of all concerned, if a prosecution shall be commenced, shall be contained in one bill of indictment, for which no more costs shall be allowed than if the name of one person only was contained therein." The Act of 1905 makes it unlawful to duplicate any return, complaint, information, indictment, warrant, subpœna or other writ where the offenses charged grew out of the same transaction, when one can be legally made to serve and promote the due administration of justice. Obviously, that legislation regulates costs, (Com. v. Smith, 62 Pa. Superior Ct. 288) and does not change the long established rule that when more than one join in the commission of an offense, all or any of them may be indicted jointly for it, or since each is severally answerable, each may be separately indicted. In this case, it appears that appellant denied all participation in the crimes. There was accordingly a question of expediency determinable by the district attorney, whether to indict singly or jointly: Franklin's App., 163 Pa. 1, 10. There is nothing in this record suggesting that appellant's indictment alone deprived him of any right. The motion to quash was therefore properly overruled. As no reason appears for arresting the judgment or for granting a new trial, we must also dismiss the third and fourth assignments.

The fifth assignment of error complains of the following extract from the charge: "Jacobs was also implicated in the commission of these offenses by the three witnesses to whom the court has referred; but he appears in this case as a witness only," "without [so appellant now contends] at the same time, advising the jury that Jacobs had been acquitted on a former trial of all the offenses charged against him and the defendant." We consider this harmless and can conceive of no way in which the statement injured appellant. Moreover, as the attention

of the court was not called to it at the conclusion of the charge, the point is not properly before us, because only a general exception was taken, justifying review of only basic and fundamental error: Laughner v. Walley, 269 Pa. 5, 8.

The sixth assignment is to the following extract from the charge: "In this connection, too, the court observes to you that it is not unusual for counsel for the defendant to condemn officers. Much testimony in this case consists of that given by the officers. The presumption of honesty abides with the officers as well as other witnesses, and it is not to the discredit of any officer that he seeks to find lawbreakers and criminals. There is nothing, in the court's opinion, in this case, that would warrant the conclusion that the officers have not acted from proper motives; but, we say to you that the arrest of Kreisher was not lawful. The officers were not armed with a warrant and Kreisher could have been discharged from custody upon a writ of habeas corpus; but, when he entered bail he waived all irregularities relative to his arrest. These circumstances, while they appear in the trial of this case, are not very important." We might likewise dismiss that assignment, as not reviewable on a general exception, but we have considered it and find it without error. The suggestion made in appellant's argument is that "there was every reason and justification for the defense, in addressing the jury, to refer to and criticize the activity and undoubted attempt to impress upon the defendant their importance as officers, although they were imposters, to attempt to extort on more than one occasion, statements from the defendant, who from the beginning to the end denied his connection with the charge." We are not advised what the learned counsel for the defendant said in addressing the jury, necessitating the comment by the court now complained of, nor does the record show that any of the officers were imposters. We find no error in the assignment.

We have also considered the general suggestions made in appellant's brief not specifically directed to any assignment of error. The Commonwealth brought from their places of imprisonment witnesses who testified to appellant's participation in committing the crimes charged. There is no complaint of the instructions to the jury concerning the evidence of these accomplices and its effect; the points for charge on that subject, presented on appellant's behalf, were affirmed. Appellant's denial of participation in the crimes went to the jury. The duty and the responsibility of finding the facts lay with that body and we all agree that nothing has been brought to our attention justifying our interference with the result reached below.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.