## COMMONWEALTH v. J. N. EDWARDS ET AL.

APPEAL BY T. A. LONG, PROSECUTOR, FROM THE COURT OF QUARTER SESSIONS OF LUZERNE COUNTY.

Argued April 14, 1890—Decided June 2, 1890.
[To be reported.]

1. If A. and B. are jointly indicted for a conspiracy with other persons to the jury unknown, and sever in their pleas, A. pleading guilty and B. not guilty, the subsequent acquittal of B. will not nullify or impair the effect of A.'s plea of guilty, and A. will be liable for the costs of prosecution.

2. When two persons are jointly indicted for a misdemeanor of which a jury may lawfully convict one and acquit the other, and there is a conviction of one by his plea, and the other is tried on a plea of not guilty, the issue as to the latter remains the same as if both were on trial.

3. The power of a jury over costs in criminal prosecutions is limited, under § 62, act of March 31, 1860, P. L. 445, to acquittals on indictments for misdemeanors; and, if one defendant is convicted, by plea or verdict, a jury acquitting a co-defendant has no power over the costs.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

No. 140 July Term 1889, Sup. Ct.; court below, No. 6 April Term 1889, Q. S.

On April 4, 1889, the grand jury returned as a true bill an

Opinion of Court below.

indictment charging James N. Edwards, William R. Farrell and " divers other persons whose names are to the jurors unknown," with a conspiracy to set fire to certain dwellings belonging to T. A. Long and Cory Allen. T. A. Long was named on the bill as the prosecutor.

On May 7, 1889, the defendant Farrell entered a plea of guilty. The same day, the defendant Edwards pleaded not guilty, issue was joined upon his plea, and a jury was empaneled and sworn to try the issue. The jury rendered a verdict finding the defendant Edwards not guilty, and directing that the prosecutor, T. A. Long, pay the costs. The paper-book of the commonwealth stated that Farrell testified upon the trial that he had never conspired with Edwards, and that there was no testimony as to any conspiracy between Farrell and any other person than Edwards.

On May 11, 1889, the prosecutor, Long, moved the court to set aside that portion of the verdict directing him to pay the costs, and to arrest judgment thereon, for the reasons:

1. W. R. Farrell, one of the defendants, jointly indicted with J. N. Edwards, upon the trial of said case pleaded guilty. By the entry of said plea, that defendant is compelled to pay the costs, and the jury had no jurisdiction to put the costs upon the prosecutor.

2. It is only on the acquittal of all the defendants that a jury has jurisdiction to put the costs upon a prosecutor. One of the said defendants in this case has been convicted, and the jury had no jurisdiction to put the costs upon the prosecutor.

3. One defendant having pleaded guilty, the verdict putting costs upon the prosecutor should be set aside, because of a grossly unwise discretion and action on the part of the jury.

—The court thereupon granted a rule to show cause why the verdict should not be set aside, and judgment arrested in accordance with the motion.

On June 10, 1889, after argument, the court, WOODWARD, J., filed the following opinion:

This is an indictment for conspiracy to set fire to a certain building. Farrell, one of the defendants, pleaded guilty. The other defendant, Edwards, pleaded not guilty, and was tried, Farrell appearing as a witness for the commonwealth. The

Arguments.

jury acquitted Edwards and put the costs on the prosecutor. We are now asked to set aside this verdict, so far as respects the costs, for the reason that Farrell, having pleaded guilty, should be compelled to pay the costs, and that it is only in cases where all the defendants jointly indicted have been acquitted that the jury have jurisdiction to impose the costs upon the prosecutor. But the argument in this behalf is more ingenious than sound; for there can be no conspiracy which does not necessarily involve at least two persons. Where, therefore, two persons are jointly indicted for a conspiracy, and one of them is acquitted by the jury, the conviction of the other, or, as in the present case, his plea of guilty, must go for nothing. The only possible exception to this statement would be a case where there was an allegation in the indictment, and proof sustaining it, of a conspiracy with other persons who were unknown and therefore could not be named: See Wharton Cr. Law, 1407.

The rule is discharged; exception.[1]

Afterwards the court pronounced the usual sentence, that the prosecutor pay the costs of prosecution, etc.; whereupon, having obtained a special allowance thereof, the prosecutor took this appeal, specifying that the court erred:

1. In discharging the rule to show cause.[1]

2–4. In not making the rule absolute for the several reasons assigned in the appellant's motion, respectively.

*Mr. Q. A. Gates*, for the appellant:

1. By the express provisions of § 62, act of March 31, 1860, P. L. 445, the petit jury have no power over costs, except in cases of acquittals. In this case, there has not been an acquittal of all the defendants, and therefore the jury had no such power: Searight v. Commonwealth, 13 S. & R. 301. The court below did not attempt to controvert this law, but held the plea of guilty by Farrell a nullity because this was a case of conspiracy. He cited, as his only authority, Wharton Cr. Law, § 1407, which does not hold that such a plea is a nullity. And the statement by Wharton, even, that in conspiracy, where only two defendants are joined in the indictment, there must be proof as well as allegation of others unknown, else an acquittal

Arguments.

of one will be an acquittal of the other, is not sustained by the cases cited in support of it: O'Connell v. Reg., 11 Cl. & F. 155 ; Reg. v. Thompson, 16 Q. B. 832; Reg. v. Manning, L. R. 12 Q. B. 241. In all those cases there were pleas of not guilty for all the defendants. The only point decided in the first of them is exactly contrary to the ruling in our own case of Hazen v. Commonwealth, 23 Pa. 355.

2. Conspirators may be indicted, tried and convicted separately: Heine v. Commonwealth, 91 Pa. 145. While the indictment must charge the crime against more persons than one, it is not necessary to name more than one person in it, if the charge is that he conspired with others unknown: 2 Bishop Cr. Prac., § 225; People v. Mather, 4 Wend. 229 (21 Am. Dec. 122). An indictment charging two with conspiring with others unknown, may be returned ignoramus as to one and a true bill as to the other of the defendants named, and will be good as to the latter: Kennedy v. Moore, 1 Stra. 193; Cro. Car. 380. Instead, therefore, of the plea of guilty on the part of Farrell being a nullity, or even voidable, it must stand. It can be avoided only by a motion in arrest of judgment for irregularities or defects in the record, and the testimony is no part of the record for that purpose: Del. Div. Canal Co. v. Commonwealth, 60 Pa. 367; Aronson v. Railroad Co., 70 Pa. 68. Upon the point raised by the reason in support of our motion, that it was an unwise exercise of discretion by the jury to place the costs upon the prosecutor, the reasoning and decision in Guffy v. Commonwealth, 2 Gr. 66, apply.

*Mr. William S. McLean* (with him *Mr. William H. McCartney* and *Mr. John T. Lenahan*), for the appellee :

Standing by itself, Farrell's plea of guilty was a mere nullity. To have fixed him for costs it must have been followed by the sentence of the court. It is the sentence that is the judgment of the court: York Co. v. Dalhousen, 45 Pa. 372 ; Searight v. Commonwealth, 13 S. & R. 303 ; Commonwealth v. Tack, 8 Phila. 463. The combination is the gist of the offence of conspiracy: Rundell v. Kalbfus, 125 Pa. 123. In this case, there was no evidence whatever of any combination with persons unknown. Searight v. Commonwealth, 13 S. & R. 301, was a case of forgery, and is not in point upon the question in which it is cited by the appellant.

OPINION, MR. JUSTICE McCOLLUM:

The indictment in this case charged that James N. Edwards, William R. Farrell, and divers other persons, whose names were to the jurors unknown, falsely and maliciously conspired and agreed to set fire to certain dwellings in Luzerne county belonging to T. A. Long and Cory Allen. When the case was called for trial, on May 7, 1889, a plea of guilty was entered by Farrell, and a plea of not guilty by Edwards. On the issue thus joined the cause was tried the same day, and the verdict of the jury was: "We find the defendant, James N. Edwards, not guilty, and that the prosecutor, T. A. Long, shall pay the costs." An ineffectual effort was made by Long to have this finding set aside as to him, and on the nineteenth of June he was sentenced to pay the costs of prosecution, and to stand committed, etc. The learned judge of the Quarter Sessions assumed that the acquittal of Edwards rendered Farrell's plea of guilty a nullity. He said: "Where two persons are jointly indicted for a conspiracy, and one of them is acquitted by the jury, the conviction of the other, or, as in the present case, his plea of guilty, must go for nothing. The only possible exception to this statement would be a case where there was an allegation in the indictment, and proof sustaining it, of a conspiracy with other persons who were unknown and therefore could not be named."

An indictment charging the defendant with conspiracy with persons unknown is good: Whart. Crim. Law, 9th ed., § 1393. In this case, if a nolle prosequi had been entered as to Edwards, the indictment, and Farrell's plea to it, would have supported a judgment against him. The question whether Farrell had conspired with persons unknown was not before the jury, and therefore no evidence on that subject was submitted to them. Edwards might well be innocent of the crime charged in the indictment, and Farrell be guilty of conspiracy with divers persons whose names were to the grand jurors unknown. An acquittal of the former cannot, therefore, be held to establish the innocence of the latter, nor can the absence of evidence on a question not raised by the pleadings impair the effect of Farrell's plea of guilty. As that is not destroyed or reversed by the verdict, we have before us a record in which one defendant is convicted by his own confession, another is acquitted by the

verdict of the jury, and the prosecutor is sentenced to pay the costs. The learned judge of the court below evidently sustained the finding as to costs, upon the theory that the acquittal of Edwards was tantamount to an acquittal of both defendants named in the indictment, although Farrell had entered a plea of guilty to it. In this conclusion, as we have seen, there was error; and, unless the judgment can be sustained upon other grounds, it must be reversed.

It remains for us to consider whether, in a prosecution for a misdemeanor, where one defendant enters a plea of guilty and another is acquitted by the verdict, the jury have the power to impose the costs on the prosecutor. It was long since decided that the jury cannot convict one of two defendants jointly indicted for a misdemeanor, and acquit the other, and direct the latter to pay the costs: Searight v. Commonwealth, 13 S. & R. 301. In the case cited, Justice GIBSON pointed out, with his usual clearness and force, some of the inconsistencies which might result from the possession and exercise of such a power.

The power of a jury over costs in criminal procedure is statutory, and limited to cases of acquittals on indictments for misdemeanors. In all cases of conviction of any crime, all costs shall be paid by the party convicted. Where two or more persons have committed an indictable offence, the names of all shall be contained in one bill of indictment, for which no more costs shall be allowed than if the name of one person only was contained therein: Act of March 31, 1860, §§ 62, 64, 65, P. L. 445. Where two persons are jointly indicted for a misdemeanor of which a jury may lawfully convict one and acquit the other, and there is a conviction of one by his plea, and the other is tried on a plea of not guilty, the issue as to the latter is precisely the same as if both were on trial. The pleas of joint defendants are to be regarded as several, and a plea of not guilty by all the defendants is in law a several plea: Whart. on Crim. Pl., 9th ed., § 412. The issues are as distinct if the defendants are tried together as if separate trials were allowed them. If, in the former case, one is acquitted and the other is convicted, the acquitted defendant must lose his costs, as in the case of acquittal of felony, because the jury have no power to order their payment by his co-defendant, the prose-

cutor, or the county. It is not the issue which confers the power, but the statute; and, as that is penal in its consequences, it must be strictly construed. If the power exists after the conviction of one defendant by plea or verdict, we may have the incongruities and absurd results described in Searight v. Commonwealth, supra. If four persons are joined in one indictment, we may have a convicted defendant, an acquitted defendant, and the prosecutor sentenced to pay the costs, and an order by the jury that the county shall pay them. A construction which will authorize such a record should be supported by the plain language of the statute. "In a case of this kind," said Mr. Justice GIBSON in the case cited, "we are not to grope for any presumed intention."

We are of opinion, after careful consideration of the statutes which relate to this subject, that where two are joined in an indictment for a misdemeanor, and one is convicted and the other is acquitted, the jury have no power to order that the costs, or any portion of them, shall be paid by the county, the acquitted defendant, or the prosecutor, and that it makes no difference whether the conviction is by plea or by verdict. In this view of the law, the acquitted defendant neither loses nor gains anything by his co-defendant's plea of guilty, and the prosecutor cannot be ordered to pay any portion of the costs accruing on an indictment which is sustained by the conviction of one of the defendants therein.

> The judgment is reversed, and T. A. Long, the appellant, is discharged from his recognizance.

