## Commonwealth v. Ajay.

*Richard H. Gilbert*, for Commonwealth; *John J. Haberstroh*, for defendant.

PATTERSON, P. J., December 30, 1930.—This is a motion for a new trial and a petition for returning of mint vending machines. The defendant, W. T. Ajay, was indicted for possessing and maintaining a gambling device. The

case was tried before a jury and a verdict was returned finding the defendant not guilty but directing that he pay the costs. The Commonwealth was unable to prove that the slot machine in question had been actually used for gambling purposes, and probably for this reason the jury rendered the verdict of not guilty and directed the payment of the costs by defendant.

Defendant's counsel contends that a new trial should be granted for the reason that the said machine was not a gambling device and that it was error on the part of the court to have refused to direct a verdict of not guilty, and for the same reason the defendant seeks to have the slot machine returned to him.

The motion for new trial must be refused for the reason that we know of no rule of law that will permit a new trial where there has been an acquittal. The fact that the jury imposed the costs on defendant, which they had a right to do, is not sufficient reason for the granting of a new trial. This was a misdemeanor and the Criminal Procedure Act of March 31, 1860, P. L. 427, 445, section 62, provides that: "in all cases of acquittals by the petit jury on indictments for the offenses aforesaid [misdemeanors], the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions . . . ; and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he gives security to pay the same within ten days."

The power of the jury is limited to cases of acquittal of misdemeanors: Com. v. Edwards, 135 Pa. 474. And (quoting from 1 Purd. 1053): "A failure to convict from want of evidence will not take from the jury the control of costs in cases within the discretion given them by the statute" (citing Com. v. Kocher, 23 Pa. Superior Ct. 65).

In Com. v. Lederman, 14 Lanc. Law Review 185, it is held that the imposition of costs on a defendant will not be disturbed on the ground that it is against the evidence and the mere fact that the evidence of motive failed will not relieve him.

In Com. v. Shindell, 9 Pa. Dist. R. 298 (quoting from notes in 1 Purd. 1054), it was said: "when the court directs a verdict of acquittal, it may submit to the jury the question of costs." See, also, Com. v. Tucci, 12 D. & C. 163; Com. v. Jones, 11 D. & C. 207.

In Com. v. Tilgham, 4 S. & R. 127, it was held (quoting from the syllabus): "If a defendant be acquitted on an indictment founded on the act of 31st March, 1806, to restrain the practice of duelling, the jury may direct, that he shall pay the costs, although the indictment be defective."

And in Com. v. Bowers, 43 Pa. C. C. 237, 240, it is held: "where, by the verdict of a petit jury a defendant charged with a misdemeanor is lawfully declared 'not guilty,' but mulct with the costs, such defendant cannot successfully ask for a new trial."

Since the jury acquitted the defendant, the prosecution is without authority to further retain possession of the property of defendant and it, therefore, should be released into the possession of the defendant.

The motion for a new trial is hereby refused and the defendant directed to appear in this court Monday, January 5, 1931, at 10 o'clock in the forenoon, to receive sentence in accordance with the verdict of the jury.

From Robert W. Smith, Hollidaysburg, Pa.