Com. of Pa. *v.* Avrach, Appellant.

Argued July 12, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Abraham Wernick,* for appellant.

*William R. Toal,* Assistant District Attorney, and with him *William J. MacCarter, Jr.,* District Attorney, for appellee.

OPINION BY PARKER, J., October 2, 1933:

The grand jury of Delaware County at one term and number, based upon one information, returned sixty-six indictments against Harry I. Avrach, the appellant, and James McGrath. These indictments charged Avrach and McGrath individually and jointly with felonies and misdemeanors, arson, attempted arson, and conspiracy, in connection with fires in the factory of Hartford-Sterling Company, which occurred on March 4 and March 8, 1931. The cases were all tried at one time, and the jury found James McGrath not guilty upon all of the charges, Harry I. Avrach guilty on one indictment for conspiracy and not guilty on the remainder, but required Avrach to pay the costs on all the misdemeanor charges upon which he was not convicted. Avrach has appealed to this court from the judgment entered on the verdict of guilty and also from the sentence to pay the costs on the misdemeanors in which he was acquitted. These appeals will be disposed of in one opinion.

The indictment upon which Avrach was convicted charged that Harry I. Avrach, "together with James McGrath, divers other evil disposed persons, whose names are to this grand inquest as yet unknown, on the 8th day of March," in the year 1931, "did unlawfully, falsely, fraudulently, wilfully, and maliciously combine, confederate, conspire, and agree together between and amongst themselves, by divers unlawful, false, fraudulent, wilful, and malicious means, devices, and contrivances, to commit unlawful act, to wit," to cheat and defraud the Hartford-Sterling Company, Mechanics and Traders Insurance Company, and the

Franklin Fire Insurance Company of their moneys, goods, chattels, and property, to the prejudice and great damage of said corporations and the peaceful citizens of the county of Delaware and the Commonwealth of Pennsylvania, contrary to the form of the act of of the general assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania. There were two other indictments, one against James McGrath individually and the other against McGrath and Avrach jointly, in which they were charged in the same words with the same offense and on which they were acquitted.

The appellant complains that a portion of the charge to the jury wherein it was said that the jury might convict one defendant and acquit the other was misleading and inadequate. On this subject the trial judge after giving a somewhat inadequate definition of the offense of conspiracy (See 12 C. J. 540; 5 R. C. L. 1061) said: "Now, you will note from what we have said with reference to the law of this case that you may find either defendant guilty or not guilty, or you may find them both guilty or both not guilty." No other advice was given the jury on this subject, and at the close of the charge an exception was taken and the matter was called to the attention of the trial court by counsel for the defendant: "By Mr. Weeks: The defendant Avrach excepts to that portion. They are of the court's charge bearing on the subject of conspiracy. By the Court: What portion of it? By Mr. Weeks: The inadequacy of it with respect to the statement that one can be convicted and the other acquitted. The general statement of the court, which would be impossible in a conspiracy case. By the Court: But under the evidence there might be sufficient as to one and not sufficient as to the other. There might be perfect evidence to convict one and

not the other because of insufficient legal evidence. Go ahead.''

Where an indictment charges a conspiracy among specifically named defendants and other persons unknown to the grand jury, and there is at the trial proof of a conspiracy with the persons who are unknown, there is an exception to the rule that the jury may not convict one of two or more defendants and acquit the other or others: Com. v. Edwards, 135 Pa. 474, 19 A. 1064; Com. v. Bonnem, 95 Pa. Superior Ct. 496; Com. v. Jermyn, 101 Pa. Superior Ct. 455; Anstess v. U. S., 22 Fed. (2d) 594. Had there been no evidence of conspiracy with another or others than those named, the court might have properly instructed the jury that they could not convict one and acquit the other. In the case of Com. v. Brown, 23 Pa. Superior Ct. 470, 508, President Judge RICE, speaking for this court, said: ''It is argued that where an indictment charges four defendants with conspiracy among themselves and with other unknown persons, it is error to charge the jury that they cannot acquit three defendants and convict one. Whether or not this is error depends upon the evidence. It is certainly not error where, as is the case here, there is no evidence that any other person than those named in the indictment was in the conspiracy.'' In the instant case the indictment charged a conspiracy with McGrath and persons whose names were unknown to the grand jury, and the trial court would not have been justified in saying as a matter of law that there was no evidence from which the jury could have found that Avrach conspired with another or others not named. Consequently, the trial court, in enumerating the possible verdicts, was technically correct in stating that one of the named defendants might be convicted and the other acquitted.

The complaint, however, is not directed so much to-

ward what was said as to what the trial judge failed to say. The only instruction to the jury that there must be at least two persons to constitute a conspiracy was the definition of that crime to which we have referred. When the jury was advised as to the possible verdicts they might render, they were told without qualification that they might acquit one and convict the other defendant. This would make a much stronger impression upon the mind of a layman than the words of a definition. The statement that the jury might convict one and acquit the other was correct only in the event that the jury found from the evidence produced that there was a conspiring with another not named in the indictment,—a fact which it was for the jury to determine.

It was the contention of the Commonwealth that Avrach had procured James McGrath to set fire to the property for the purpose of collecting insurance which had been placed thereon, and that pursuant to that arrangement, McGrath did start the fire. The Commonwealth depended largely for proof of the charge upon a written confession by McGrath, repudiated by him at the trial, and on the fact that the confession was read to Avrach who, it was alleged, did not deny McGrath's statement and gave evidence of his guilt by his demeanor and conduct when confronted by McGrath and the written confession. As is indicated by the opinion of the court below, the acquittal of McGrath in the face of his written admission, and the conviction of Avrach were not anticipated by the court or Commonwealth. Consequently, the jury was not advised as to the law applicable in the event of a conclusion that McGrath was not a party to the conspiracy. This apparently accounts for the slip that makes necessary a new trial. The right to convict one defendant and acquit the other defendant or defendants in a charge of conspiracy

exists only by virtue of an exception, and the general rule is otherwise. The trial court should have advised the jury that if they acquitted one defendant, then before they could convict the other defendant they should first inquire whether the evidence would support a finding that the one not acquitted conspired with some one not named in the indictment, and if they concluded it did, they might convict one. The attention of the trial court having been called to the inadequacy of the charge, the failure to enlarge upon the subject was prejudicial error and necessitates a new trial.

The clerk of courts taxed the costs on the twenty-nine misdemeanor indictments on which Avrach was acquitted as if there had been that number of separate and distinct offenses growing out of different transactions which justified separate indictments. On appeal from the order taxing the costs, the court below materially reduced the amount allowed, but the appellant contends that defendant should not have been sentenced to pay any costs on any indictment except the one on which he was convicted. We believe the lower court correctly decided this feature of the case. The presentation of sixty-six separate indictments was without justification and oppressive. Such practice was contrary to the provisions of the Act of March 31, 1860, P. L. 427, §65, as amended by Act of April 17, 1919, P. L. 532 (19 PS 1291) and Act of March 10, 1905, P. L. 35 (19 PS 1293, 1294). The district attorney was, however, justified in presenting at least four indictments. There were two fires on different dates, to wit, March 4 and March 8, which may have constituted separate transactions, and with relation to the fires occurring on each of these dates, it was proper to charge the defendant with arson, a felony, in one indictment and conspiracy, a misdemeanor, in another indictment. Consequently, an acquittal on

the felony charge did not relieve the defendant Avrach from liability for costs on the charge of conspiracy. By the same process of reasoning, there having been two fires on different dates, two separate indictments for conspiracy were not improper. The Act of March 10, 1905, P. L. 35, was intended to prevent a duplication of costs where there is a duplication of indictments, but it does not affect the validity of the proceedings where there has been a duplication: Com. v. Smith, 62 Pa. Superior Ct. 288. Consequently, the court properly disposed of the matter by allowing one bill of costs as applicable to the twenty-nine indictments on which Avrach was acquitted but directed to pay the costs, and relieving him from the payment of such costs as were duplicated. Those cases are closed, and the court properly sentenced Avrach to pay such costs as he was liable for, regardless of the outcome of the trial on the indictment in which a new trial is necessary. If the costs for which it has been determined the defendant is liable are paid, then when the remaining indictment is finally disposed of, the court will be in a position, if necessary, to determine the amount of costs to be paid on such indictment.

The judgment of the court at No. 152, October Term, 1933, is reversed and a venire facias de novo awarded. The judgment at No. 305, October Term, 1933, is affirmed.