## Commonwealth v. Cannarozzi

*Richard V. Scarpetti*, for Commonwealth.
*John M. McLaughlin*, for defendant.

EVANS, P. J., May 14, 1956.—Defendant in the cases indexed to the above term and numbers seeks an order of this court directing the clerk of courts to satisfy all costs with respect to indictments 362 through 366, November sessions 1954, in the amount of $405.75.

This defendant with many others was charged with engaging in bribery of public officials to make possi-

ble unhampered participation in the numbers racket in Erie. When the indictments were prepared, each one charged a distinct payment of bribe on a certain date, but when defendants indicated a willingness to plead guilty on one or two of these separate offenses, the district attorney made no objection to a nolle pros as to other charges on payment of costs for the reason that time and expense of further trials would be avoided and the interests of justice served under sentences in those cases where pleas of guilt were entered. The judges did not object because of these facts.

Pursuant to this policy Frank Cannarozzi entered pleas of guilt to bribery in cases indexed at 367 and 368, November sessions 1954, and the district attorney indicated his willingness to nolle pros other indictments indexed at nos. 362 to 366, inclusive, on payment of costs and after sentence on nos. 367 and 368, November sessions 1954. Defendant was sentenced and paid the costs in these two cases but now seeks to have an order relieving him in the other cases under the contention that the Act of March 10, 1905, P. L. 35, sec. 1, makes it unlawful to duplicate any complaint and indictment against a person charged with the commission of new criminal offense or offenses committed at one and the same time or growing out of one and the same transaction when one information or warrant can be regularly made to serve and promote the due administration of justice.

In no. 362, defendant was charged with paying $125 to officers Camilli and Verga on July 22, 1954. In no. 363, defendant was charged with paying the same officers $200 on May 21, 1954. In no. 364, defendant was charged with paying the same officers $125 on August 9, 1954. In no. 365, defendant was charged with paying the same officers $175 on October 5, 1954, and in no. 366 was charged with paying

said officers $125 on September 7, 1954. These are all separate and distinct offenses subject to separate proof and subject to separate penalty. The district attorney with proper caution made information for each separate offense to guard against possible weakness in proof on any one bribe and against a possible adverse conclusion by any one jury.

It is likely that all of these bribes were as a result of an over-all scheme, but it is also a fact that the judge in entering sentence on nos. 367 and 368, which included fines and costs, also considered the costs which defendant was to pay in the matters now under discussion. It is not proper now for defendant to seek a further advantage, nor under the facts do we believe him entitled to it under the recited Act of 1905. That act was intended to prevent useless and unnecessary duplications where they will serve no useful purpose, but for the reasons stated above and under the circumstances in this case we feel that defendant, if he seeks to gain the benefit he will have by the entries of nolle pros, should pay the costs.

Defendant relies heavily on Commonwealth v. Avrach, 110 Pa. Superior Ct. 438, where 66 indictments were returned against two defendants charging conspiracy and other certain misdemeanors. In that case the court under the Act of 1905, supra, reduced the costs charged in several of them. However, at page 443 the court held:

"The district attorney was, however, justified in presenting at least four indictments. There were two fires on different dates, to wit, March 4 and March 8, which may have constituted separate transactions."

It is also here contended that under the Act of March 31, 1860, P. L. 427, 19 PS §1291, these costs must be prorated with four other defendants who were separately indicted under averred facts that they could have been jointly indictable with defend-

ant. This phase of the matter is before us prematurely as there is nothing to show these other men were jointly indictable, were found guilty or had paid their portion of the costs.

No order will be made at this time on the petition of the district attorney to enter a nolle pros in each of these several cases, which when originally presented were only in connection with the understanding as to payment of costs by defendant.

Defendant now has the choice of paying these costs or standing trial and, in our opinion, is entitled to no more.

And now, May 14, 1956, the motion to satisfy costs in cases on indictments numbered 362 through 366, November sessions 1954, in the amount of $405.75, is refused and dismissed.