**Donial HAYES**

v.

**Julius T. CUYLER and The Attorney General of the State of Pennsylvania.**

Civ. A. No. 81–4309.

United States District Court, E. D. Pennsylvania.

Aug. 9, 1982.

Donial Hayes, pro se.

Edward Rendell, Dist. Atty., Nancy C. Wasser, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate in accordance with Local Rule 7 of this court. The magistrate issued a report and recommended that the petition be denied without prejudice on the ground that the Relator had not exhausted his claims in state court. The Commonwealth, although it agrees with the magistrate's recommendation that the Relator has not exhausted his claims in state court, has filed objections to the report.

Local Rule 7(IV)(b) provides that when a party has filed objections to a magistrate's report, "[a] judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." Having made a *de novo* determination of all relevant matters, this court will approve and adopt the recommendation of the magistrate that the Relator's petition be denied without prejudice, and that there is probable cause for appeal.

The Relator, Donial Hayes, and one Ricky Kearns Pate, were arrested and charged with robbery and criminal conspiracy on March 3, 1977. The conspiracy information named Ricky Pate, Benjamin Walker, and other unknown persons as co-conspirators with Donial Hayes. From May 20, 1977 to May 26, 1977, the Relator and his co-defendant, Pate, were tried jointly before the Honorable Levy Anderson and a jury. On May 26, 1977, the Relator was found guilty of robbery and criminal conspiracy. His co-defendant, Pate, was acquitted of both charges. Apparently, there was no evidence presented at the trial of any participation in the incident by anyone other than Hayes and Pate (all charges against Mr. Walker were dismissed at a preliminary hearing).

On June 2, 1977, the Relator filed post-verdict motions in which he contended, *inter alia,* that the conviction for conspiracy should be set aside since his alleged co-conspirator had been acquitted. Judge Anderson denied the Relator's motions on February 2, 1978.

The Relator then filed a Notice of Appeal with the Superior Court. Judge Anderson, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), ordered the Relator to file with the trial court "a concise statement of the matters complained of on appeal." The Relator complied, and in his statement the Relator informed Judge Anderson that he intended to press, among other matters, his contention that he should

be acquitted on the conspiracy charge. Thereafter, on January 29, 1979, Judge Anderson issued an opinion in which he stated that the Relator's conspiracy conviction should be set aside. Judge Anderson based this opinion on a case then recently decided by the Superior Court (*Commonwealth v. Campbell,* 257 Pa.Super. 160, 390 A.2d 761 (1978), aff'd. 484 Pa. 387, 399 A.2d 130 (1979) which held that where one of two co-conspirators is acquitted and the other is found guilty, the one found guilty must also be acquitted. The Relator did not appeal his conspiracy conviction, believing that his conviction had been vacated by Judge Anderson. Indeed, the Superior Court noted in its Memorandum Opinion: "The conviction for criminal conspiracy was set aside..." After considering the Relator's other contentions, the Superior Court in its Judgment Order of November 11, 1980 stated: "Judgment of sentence affirmed." On December 5, 1980, however, Judge Anderson advised the Relator by letter that the statement in the Opinion of the Superior Court that "[the] conviction for criminal conspiracy was set aside" was erroneous and that a judgment on his conspiracy conviction would not be arrested since there had been no "remand."

Relator then proceeded to petition the Pennsylvania Supreme Court for leave to appeal *nunc pro tunc.* Shortly thereafter, he petitioned to amend the petition to state his conspiracy argument on the ground that Judge Anderson's opinion of January 29, 1979 had not granted an acquittal. The Pennsylvania Supreme Court denied both of Relator's petitions.

Relator then filed a petition for a writ of habeas corpus in this court alleging: 1) that the acquittal of his named alleged co-conspirator mandated his acquittal; 2) that there was a tainted in-court identification; 3) that the trial judge should have recused himself because he had accepted a guilty plea which was subsequently withdrawn; 4) that his appellate counsel was ineffective for failing to file a timely appeal with the Pennsylvania Supreme Court; 5) that he was unconstitutionally prevented from tes-

tifying in his own behalf at trial; and 6) that his conviction for both robbery and conspiracy to commit robbery was violative of the Fifth Amendment's prohibition against twice being placed in jeopardy for the same offense.

The magistrate's report of December 14, 1981 recommended that the Relator's petition for a writ of habeas corpus be denied without prejudice. The magistrate found that since the state court had not had a fair and full opportunity to address the Relator's conspiracy issue and since the Relator did not raise his double jeopardy argument in the state court, the Relator had not exhausted his state remedies as required by 28 U.S.C. § 2254(b). The magistrate also recommended that there exists probable cause for appeal.

The Commonwealth appears to object to the magistrate's report on two grounds. First, the Commonwealth takes issue with the manner in which the magistrate analyzed the Relator's conspiracy contention. For some reason, the Commonwealth interpreted the magistrate's report as stating that the Relator *had* exhausted his state remedies with regard to the conspiracy contention. The Commonwealth also disagrees with the magistrate's evaluation of the relative merits of the Relator's conspiracy claim. Second, the Commonwealth objects to the magistrate's recommendation that there is probable cause for appeal.

■ Initially, the court notes that any uncertainty in the law as to whether the presence of unexhausted and exhausted claims in the same petition for a writ of habeas corpus bars adjudication by Federal courts of the exhausted claims has been laid to rest by the recent Supreme Court decision in *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which holds that whenever a habeas corpus petition contains both exhausted claims and claims not exhausted, the entire petition must be dismissed for failure to comply with the exhaustion requirements of § 2254(b). According to *Rose v. Lundy,* the Relator is then left "with the choice of returning to state court to exhaust his

claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 102 S.Ct. at 1199.

The Relator's petition contains claims that have not been exhausted by state remedies. The magistrate found in his report that the Relator had not exhausted his conspiracy argument since the state has not had a fair and full opportunity to address the issue. This court agrees completely with that evaluation, recognizing that because of the unusual procedural history of this case the issue is one that the state court has not had a full opportunity to consider.

■ The fundamental purpose of the exhaustion requirement is to ensure that the Federal habeas courts do not trespass in the state's domain. "Exhaustion is a rule of comity", *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 96 (3d Cir. 1977), and the state courts should have a fair and full opportunity to confront the issue as to whether the Relator is in custody in violation of the Constitution, laws or treaties of the United States. *Ray v. Howard,* 486 F.Supp. 638 (E.D.Pa.1980); *Zicarelli v. Gray,* 543 F.2d 466 (3d Cir. 1977); *United States ex rel. Hickey v. Jeffes,* 571 F.2d 762 (3d Cir. 1978); *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The rule of exhaustion has recently been reiterated in *Rose v. Lundy, supra.* As Justice O'Connor stated:

The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490–491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).... Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdic-

tion until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

102 S.Ct. at 1203.

■ This court finds that it is in the interests of comity that the state court be given a fair and full opportunity to rule upon the Relator's claim that his conspiracy conviction should be vacated.

The Relator also makes a claim that his conviction for both robbery and conspiracy to commit robbery is a violation of the Fifth Amendment's prohibition against double jeopardy. The state court has likewise never been presented with a fair and full opportunity to rule upon this contention. Although, it may well be, as observed by the magistrate, that the Relator's double jeopardy argument is without merit, and in the event the state court vacated his conspiracy conviction it would become moot, the double jeopardy claim has not been exhausted.

■ The court will next address the Commonwealth's objections to the magistrate's evaluation of the merits of the Relator's conspiracy contention.

In *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173 (1980), the Supreme Court of Pennsylvania appears to limit the rule of *Commonwealth v. Campbell, supra,* that the acquittal of all but one conspirator requires the discharge of that one alleged conspirator. As Justice Roberts stated in *Commonwealth v. Byrd:*

Admittedly, some authority, including certain decisions of our own Superior Court, does assert that the acquittal of all but one conspirator requires the discharge of the remaining defendant. E.g., *Commonwealth v. Campbell,* 57 Pa.Super. 160, 390 A.2d 761 (1978); *Commonwealth v. Aurach,* 110 Pa.Super. 438, 168 A. 531 (1933); see note 6, infra. This rule, however, had its origins at a time when coconspirators were jointly tried. In that circumstance a single jury would hear the

evidence of conspiracy and, rightly, would not be permitted to find the evidence sufficient to prove a conspiracy involving only one of those charged. The acquittal rule that developed was thus clearly a rule of verdict consistency. [citations omitted] It is evident that *Aurach,* supra, the leading case in our Superior Court, is premised on just such a foundation. In the case of seperate [sic] trials, however, this consistency rule loses much if not all of its force.

An acquittal at any trial is never a guarantee that no crime has been committed. Rather, it signifies only that the Commonwealth has not proved its case to the satisfaction of the jury. Thus in the present case, different verdicts may well have been due solely to the different composition of the two juries. Alternatively, the difference may have been due to a variety of other circumstances, including a difference in the proof offered at trial. As the Fifth Circuit Court of Appeals has recently explained, "acquittal [of one of the conspirators] could have resulted from a multiplicity of factors completely unrelated to the actual existence of a conspiracy." *United States v. Strother,* 458 F.2d 424, 426 (5th Cir. 1972). It is error to assume that the failure of a jury to convict one conspirator necessarily invalidates the Commonwealth's verdict, won from a different jury, at a separate trial. Such a misconception was clearly exposed by the Supreme Court of Nebraska, which long ago rejected the acquittal rule which the appellant urges ... *Platt v. State,* 143 Neb. 131, 142, 8 N.W.2d 849, 855 (1943).

This view has been adopted by most of the jurisdictions which have since had occasion to consider the present question. [citations omitted] ... In addition this is the view adopted by the American Law Institute's Draft Model Penal Code.

417 A.2d at 177–178. It would appear, therefore, that the state court in Pennsylvania may determine that since the Relator and his co-conspirator, Pate, were tried together before the same jury and if no evidence was presented as to any participation in the conspiracy by anyone other than

Pate, the jury's verdict that Pate was not guilty of the conspiracy charge may require that the verdict of guilty as to the Relator on the conspiracy charge be vacated. The magistrate had come to a similar conclusion in his report.

■ Finally, the court will address the Commonwealth's objections to the magistrate's certification that there is cause for appeal. The magistrate apparently made this recommendation on the ground that the record of the state court presented a somewhat confusing picture concerning whether the Relator had exhausted the claim that his conspiracy conviction should be vacated in view of *Commonwealth v. Campbell, supra,* and *Commonwealth v. Byrd, supra,* since his alleged co-conspirator was found not guilty of conspiracy at the same trial. The record of the state court does indeed present a confusing picture as to the Relator's exhaustion of that claim, and as the issues raised by the Relator are substantive and not frivolous, this court agrees with the magistrate that there is probable cause for an appeal.

Accordingly, an order will be entered approving and adopting the Report and Recommendation of the Magistrate denying without prejudice the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for failure to exhaust and certifying that there is probable cause for an appeal.