651 A.2d 1096

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Trenton Scott CAMPBELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1994.

Decided Dec. 28, 1994.

Sidney Sokolsky, Ecker, Ecker & Ecker, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

This appeal by allowance raises the issue of whether one can be convicted of conspiracy in a joint trial in which the sole alleged co-conspirator is acquitted of the conspiracy charge. For the reasons hereinafter discussed, we hold that the conspiracy conviction is valid.

The record discloses that on May 8, 1991, Detective Peter Grbach and Eric Douglas, a confidential informant, drove to a playground in Braddock, Pennsylvania, to purchase crack cocaine. Upon arriving, Douglas and the detective approached a group of twenty-five to thirty people and asked if

anyone was selling cocaine. Appellant and another man, Tremayne Briston, replied that they had crack cocaine for sale. After negotiating the price, Appellant handed Briston a piece of crack cocaine. Briston placed the cocaine on the sidewalk and was handed fifty dollars by Douglas. Douglas then picked up the cocaine and left with the detective.

Appellant was subsequently charged with one count of criminal conspiracy. The information charged that Appellant

... with the intent of promoting or facilitating the crime of Violation of Controlled Substance, Drug, Device and Cosmetic Act delivery of a controlled substance conspired and agreed with Tremayne Briston that they or one or more of them would engage in conduct constituting such crime or crimes and in furtherance thereof did commit the overt act of arranging for the sale and delivery of cocaine to Detective P. Grbach, . . . .

Briston was charged with conspiracy, delivery of crack cocaine, possession with intent to deliver, and simple possession. In the joint trial, Briston's defense was that of mistaken identity. Appellant did not testify. While Detective Grbach could identify Appellant with certainty, he testified that he was uncertain regarding Briston's identity as the other man. Douglas, however, testified that he was certain as to both men's identity.

After the case was delivered to the jury for verdict, the jury presented the court with the following question:

In the event the jury has a reasonable doubt as to the identity of one co-conspirator, may the other co-conspirator be guilty of conspiracy?

The trial judge, over objection of defense counsel, responded as follows:

In response to your question regarding conspiracy, you may find both defendants guilty, neither defendant guilty, or one defendant guilty and the other defendant not guilty.

The jury thereafter acquitted Briston of all charges but found Appellant guilty of conspiracy. Appellant was sentenced to fifteen to thirty months imprisonment.

■ Appellant contends that consistent verdicts are required in a joint trial for conspiracy. Thus, the reasonable doubt that the jury had as to the identity of the co-conspirator, as reflected by its acquittal of Briston, invalidates the verdict finding Appellant guilty of conspiracy. He relies on the fact that the information did not charge him with conspiring with any person (known or unknown), but that it solely charged him with conspiring with Briston. He asserts that the court accordingly erred in charging the jury that it could find one defendant guilty of conspiracy without also finding the sole other co-conspirator guilty.

Appellant relies on *Commonwealth v. Avrach*, 110 Pa.Super. 438, 168 A. 531 (1933), but acknowledges that the decision has been limited by our decision in *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980) and our per curiam affirmance of *Commonwealth v. Phillips*, 411 Pa.Super. 329, 601 A.2d 816 (1992), affirmed 534 Pa. 423, 633 A.2d 604 (1994). Appellant suggests, however, that *Avrach* is still good law regarding joint trials for conspiracy.

In *Avrach*, Harry I. Avrach and James McGrath were charged in separate indictments with conspiring among themselves and with other persons unknown to the grand jury to cheat and defraud certain insurance companies. Following their joint trial, McGrath was acquitted of all charges, while Avrach was found guilty of conspiracy and was acquitted of the remaining charges. Avrach argued that the court erroneously charged the jury that it may convict one defendant and acquit the other.

The Superior Court granted a new trial holding that although the instruction was technically correct since the indictment also charged Appellant with conspiring with other persons unknown, the charge given was prejudicial. The court held that the jury should have been instructed that upon acquitting one defendant, it should determine whether the evidence supported a finding that the other defendant conspired with one not specifically named in the indictment, 433 Pa.Super. 630, 638 A.2d 265.

Our decision in *Commonwealth v. Byrd, supra,* at 490 Pa. 544, 417 A.2d 173, almost fifty years later, undermined the reasoning set forth in *Avrach.* We held in *Byrd* that the *subsequent* acquittal at a separate trial of Byrd's only alleged co-conspirator did not require the reversal of Byrd's conviction for conspiracy. We acknowledged cases holding that the acquittal of all but one conspirator requires the discharge of the remaining defendant, e.g., *Avrach; Commonwealth v. Campbell,* 257 Pa.Super. 160, 390 A.2d 761 (1978), aff'd, 484 Pa. 387, 399 A.2d 130 (1979),[1] but found them unpersuasive when the conspirators were tried separately. Although we noted that the acquittal rule or rule of verdict consistency[2] developed when conspirators were tried jointly, we relied on the fact that an acquittal was not a guarantee that no crime was committed. The different verdicts could instead be the result of different proof offered at the separate trials or the different composition of the juries.

In *Commonwealth v. Phillips, supra,* at 411 Pa.Super. 329, 601 A.2d 816, it was held that the *prior* acquittal of a sole alleged co-conspirator in a separate trial does not preclude finding the subsequently tried co-conspirator guilty of conspiracy.

As *Byrd* and *Phillips* both dealt with separate trials of co-conspirators, we must determine whether the same rationale is applicable in the instant case where co-conspirators are

1. In footnote six of the *Byrd* decision, we recognized our per curiam affirmance of the Superior Court's decision in *Commonwealth v. Campbell,* 257 Pa.Super. 160, 390 A.2d 761 (1978), affirmed per curiam, 484 Pa. 387, 399 A.2d 130 (1979), which refused to uphold the conviction of one conspirator where his only alleged co-conspirator had been *previously* acquitted. We noted that the *Byrd* decision casts doubt on *Campbell. Campbell* was subsequently overruled in *Commonwealth v. Phillips, supra,* at 411 Pa.Super. 329, 601 A.2d 816.

2. The development of the rule of consistency was a product of the pre-twentieth century English system of appellate review. Prior to 1907, a criminal defendant could only seek review by a writ of error, which was limited to the arraignment, the plea, the issue and the verdict. Because the evidence presented at trial was not reviewable, a jury's inconsistent verdict in a conspiracy trial of two or more defendants was incapable of review upon sufficiency of evidence grounds. Thus as a way to protect the criminal defendant against jury prejudice or misapplication of the law, the conspiracy rule of consistency developed. See generally, Comment, *The Unnecessary Rule of Consistency in Conspiracy Trials,* 135 U.Pa.L.Rev. 223 (1986).

jointly tried and inconsistent verdicts are reached. Upon review of the record and relevant case law, we believe that it does. The trial court aptly stated:

> It is clear from reading the trial transcript that the jury could have logically found that [Appellant] conspired to deliver cocaine yet still found his sole alleged co-conspirator, Mr. Briston, not guilty. This is due to the wide discrepancy in the description of Mr. Briston in the police report from his appearance in court on the day of trial.

Trial Court Opinion at 7.

Thus, the apparent inconsistent verdict is supported by the evidence. The instant case illustrates that circumstances may arise where a reasonable doubt can exist as to the identity of one of two participants in a conspiracy. The jury apparently had a reasonable doubt as to the identity of Appellant's co-conspirator. Appellant should not benefit from such doubt since the evidence established beyond a reasonable doubt that *Appellant* conspired to sell drugs.

In any event, we find that consistency in verdicts in a joint trial for conspiracy is not necessarily required. This in no way alters the rule that the crime of conspiracy requires proof of more than a single participant. 18 Pa.C.S. § 903(a).[3] We merely suggest that the acquittal of the sole alleged co-conspirator does not per se preclude the conviction of the remaining defendant, even if the defendants are jointly tried. As is discussed *infra,* the convicted conspirator can always challenge his conviction upon sufficiency of the evidence grounds.

**3.** § 903 Criminal Conspiracy.
(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

Although this specific issue has not been addressed in our Commonwealth, Pennsylvania case law and decisions of the United States Supreme Court support our conclusion. In *Commonwealth v. Brown*, 473 Pa. 458, 375 A.2d 331 (1975), we held that the acquittal of an alleged principal does not preclude the conviction of another individual as an accomplice. We relied upon section 306(g) of the Crimes Code, which provides:

> (g) Prosecution of accomplice only.—An accomplice may be convicted on proof of the commission of the offense and of his complicity therein, though the person claimed to have committed the offense has not been prosecuted or convicted or has been convicted of a different offense or degree of offense or has an immunity to prosecution or conviction or has been acquitted.

18 Pa.C.S.A. § 306(g).

We noted in *Brown* that this provision was patterned after section 2.06(7) of the American Law Institute's Model Penal Code. We also cited the following portion of the commentary to this model provision:

> . . . While inconsistent verdicts of this kind present a difficulty, they are intrinsic to the jury system and appear to be a lesser evil than granting immunity to the accomplice because justice has miscarried in the charge against the person who committed the offense. Model Penal Code, Comments § 2.04(6) (Tent.Draft NO. 1, 1953) p. 38.

*Brown*, 473 Pa. at 462, 375 A.2d at 333–334. We also noted that although not binding, these comments implicate basic policy choices.[4]

Appellant argues that both *Brown* and section 306(g) are inapplicable since they involve accomplice liability rather than

---

4. In fact, our Court in *Byrd* cited the following language from *Brown* with approval:

> "In our view, the policy choice has been made in this Commonwealth in favor of protecting the public interest against compounding the effect of an erroneous or irrational acquittal." 473 Pa. at 466, 375 A.2d at 335.

*Byrd*, at 554–555, 417 A.2d at 178.

the liability of co-conspirators. We find this a distinction without a difference.

■ Also relevant is the law that has developed regarding the concept of inconsistency in verdicts in general. It appears logical that inconsistent verdicts in joint trials for conspiracy should be governed by the general law on the subject. In *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971), we stated that it has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary. This is due to the fact that an acquittal cannot be interpreted as a specific finding in relation to some of the evidence. *Id.* at 408, 282 A.2d at 376.[5]

The United States Supreme Court has also historically applied this rule of law. In *Dunn v. U.S.*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the Court held that a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count; consistency in the verdict is not required. In *Dunn*, the three count indictment charged: (1) maintenance of a common nuisance by keeping intoxicating liquor for sale at a specified place, (2) unlawful possession, and (3) unlawful sale. Dunn was convicted on the first count but was acquitted of the second and third counts. He argued that because the evidence was the same for each count, the evidence on the nuisance count was insufficient and the verdict was inconsistent.

The Court rejected this argument stating:

The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more that their assumption of a

5. It is also logical that since Appellant would have no claim if he were brought to trial before or after Briston, pursuant to *Phillips* and *Byrd* respectively, he should not benefit from the fact that he was tried together with Briston.

power which they had no right to exercise, but to which they were disposed through lenity.

*Id.*, 284 U.S. at 393, 52 S.Ct. at 190.

■ The United States Supreme Court reaffirmed this principle in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), where the court upheld a conviction under the federal narcotics law for using the telephone in committing and causing facilitation of certain felonies when the jury acquitted the defendant of the predicate felonies. The court stated that inconsistent verdicts should not be interpreted as a windfall to the government at the defendant's expense. *Id.*, 469 U.S. at 65, 105 S.Ct. at 476. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. *Id.* The government in that situation, however, is precluded from challenging the acquittal by the Constitution's Double Jeopardy Clause. *Id.*, 469 U.S. at 65, 105 S.Ct. at 477.

Another factor relied upon by the *Powell* court to support its acceptance of inconsistent verdicts is the fact that an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into jury's deliberations that courts generally will not make. *Id.*, 469 U.S. at 66, 105 S.Ct. at 477. Finally, the court noted that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. *Id.*, 469 U.S. at 67, 105 S.Ct. at 478.

We recognize that *Dunn* and *Powell* involved inconsistent verdicts reached at a trial where a single defendant was charged with multiple counts. We find this reasoning, however, to be equally applicable to inconsistent verdicts reached as to multiple defendants charged with conspiracy in a joint trial. In both instances, the jury is presented with the same evidence in the same trial and returns a verdict which is clearly inconsistent.

Our decision today is also in accord with substantial federal case law. *U.S. v. Andrews,* 850 F.2d 1557 (11th Cir.1988) (en banc) cert. denied 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989) (consistent verdicts not required in joint trials for conspiracy: where all but one of the charged conspirators are acquitted, the verdict against the one can stand; overruling *Herman v. United States,* 289 F.2d 362 (5th Cir.1961) cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961), which held to the contrary); *U.S. v. Thomas,* 900 F.2d 37 (4th Cir.1990) (rejected argument that conspiracy conviction should be overturned because co-conspirator was acquitted in joint trial); *U.S. v. Bucuvalas,* 909 F.2d 593 (1st Cir.1990) (rule of consistency no longer viable in joint trial for conspiracy in light of *Powell* ); *U.S. v. Valles–Valencia,* 823 F.2d 381, 382 (9th Cir.1987) (amending 811 F.2d 1232) (same); *U.S. v. Acosta,* 17 F.3d 538 (2nd Cir.1994) (one defendant's conspiracy conviction does not become infirm by reason of jury verdicts of not guilty against all of his alleged co-conspirators; court's ability to review sufficiency of the evidence protects defendant against irrational verdict); *U.S. v. Zuniga–Salinas,* 952 F.2d 876 (5th Cir.1992) (an inconsistent verdict should no longer be a bar to conviction where all other co-conspirators are acquitted in a joint trial; also overruling *Herman v. U.S., supra* at 289 F.2d 362).[6]

In conclusion, the trial court did not err by instructing the jury that it could acquit one co-conspirator and convict the remaining co-conspirator in the joint trial. The order of the Superior Court is affirmed.

MONTEMURO, J., is sitting by designation.

**6.** Three other circuits have, in dicta, suggested that the rule of consistency is no longer valid. See, *Gov. of the Virgin Islands v. Hoheb,* 777 F.2d 138, 142 n. 6 (3rd Cir.1985); *U.S. v. Dakins,* 872 F.2d 1061 (D.C.Cir.1989) cert. den. 493 U.S. 966, 110 S.Ct. 410, 107 L.Ed.2d 375 (1989); *U.S. v. Mancari,* 875 F.2d 103 (7th Cir.1989) cert. den. 499 U.S. 924, 111 S.Ct. 1320, 113 L.Ed.2d 253 (1991).

The Tenth Circuit, however, applied the rule of consistency in *United States v. Suntar Roofing, Inc.,* 709 F.Supp. 1526 (10th Cir.1989).