## Commonwealth v. Ricci

*Alfred L. Taxis*, assistant district attorney, for Commonwealth.

*James R. Caiola*, for defendant.

DANNEHOWER, J., May 20, 1954.—Defendant was indicted, tried separately, and convicted of being an accessory before the fact to an abortion. Over a month thereafter, the principal was found not guilty of the same abortion by a jury.

In addition to filing a motion for a new trial, defendant has filed a petition for his discharge which, after argument, is pending for decision.

Because, in a subsequent trial, a jury decided that the principal was not guilty of this particular abortion, we cannot, in good conscience and justice, sentence an accessory before the fact to an abortion, when the principal was adjudged not guilty at a later, separate trial.

While it is true that it is not necessary that the principal should have been first tried and convicted before the trial of an accessory before the fact, and that the conviction of an accessory may be had either with, or after, the conviction of the principal felon, nevertheless, one cannot be convicted as an accessory until the guilt of the principal is first established.

Under the circumstances of this case, we hold that even if a verdict has been rendered against the accessory before the fact, the principal's subsequent acquittal will avail him in bar of judgment. Hence, without a guilty principal, there can be no accessory.

So, in this case, where this defendant was exclusively and separately charged on a single bill of indictment with being an accessory before the fact to a particular and specific named principal in an abortion, the subsequent acquittal of the principal by another jury in a separate trial requires a discharge of the convicted accessory before the fact, because an accessory before the fact, in truth and justice, follows his principal like a shadow, and should not be convicted and punished unless his principal (the one who performed the felony) is likewise adjudged guilty. Where the principal in a separate trial is adjudged not guilty, there is no felony committed according to the verdict, and we cannot sentence an accessory before the fact to a felony, when a jury decided that no felony was ever committed.

If a new trial was awarded, the Commonwealth could not introduce in evidence the record of the principal's conviction, because the principal was found not guilty. There should be no conviction of one charged as an accessory, until the guilt of the principal is first established.

And now, May 20, 1954, for the foregoing reasons. the prayer of the petition is granted, the verdict is set aside, and defendant is ordered discharged from said conviction as an accessory before the fact.