**Commonwealth v. Pal**

468

*Eugene M. Talerico, Jr., William J. Fisher* and *Brian J. Gallagher*, for Commonwealth.
*Paul J. Walker* and *Matthew Comerford*, for defendant.

NEALON, *J.*, April 23, 2014—

## ORDER

Defendant, Neil Pal ("Pal"), has been charged with first-degree murder as an accomplice, third-degree murder as an accomplice, and criminal conspiracy to commit those offenses in connection with the murder of Frank Bonacci ("Bonacci") on July 20, 2013. The Commonwealth charged

Pal's co-defendant, Jason Dominick ("Dominick"), with criminal homicide as the principal for the actual shooting and killing Bonacci. Pal's accomplice liability is predicated upon the Commonwealth's assertion that Pal arranged for Pal, Dominick and Bonacci to be alone in Bonacci's vehicle, drove that vehicle to an isolated area where the shooting could occur unnoticed, provided Dominick with the gun that he used to shoot Bonacci, and after Bonacci was shot by Dominick, assisted in plummeting Bonacci's vehicle and body down a seventy-two foot embankment where they were not discovered until seven days later. *See Com. v. Pal*, 2013 WL 6197355, at \*14-15 (Lacka. Co. 2013). Based upon the jury verdict in *Commonwealth v. Dominick*, No. 13 CR 2273 (Lacka. Co.) on May 10, 2014, finding Dominick not guilty of first-degree murder and criminal conspiracy to commit first-degree murder, but guilty of third-degree murder and criminal conspiracy to commit third-degree murder, Pal filed the instant "motion to dismiss" on May 23, 2014, seeking to "dismiss the charges of first-degree murder, accomplice liability, and conspiracy to commit first degree-murder." (Defendant's motion to dismiss at p. 2).

By way of relevant background, the Commonwealth joined the prosecutions of Pal and Dominick for a single trial pursuant to Pa.R.Crim.P. 582. In compliance with the scheduling orders dated October 24, 2013, and January 13, 2014, setting deadlines for the filing of motions *in limine* addressing any anticipated evidentiary issues, the Commonwealth and Pal filed timely motions *in limine* seeking pre-trial rulings regarding the admission or exclusion of particular evidence. Several of those pre-trial motions concerned the admissibility or inadmissibly of evidence of "other bad acts" by Pal and Dominick under

Pennsylvania Rule of Evidence 404(b), which precludes any evidence "of a crime, wrong, or other act" by a defendant "to show that a defendant acted in conformity with those past acts or to show criminal propensity." *Com. v. Reves-Rodriguez*, 2014 WL 1040502, at *3 (Pa. Super. 2014).

In light of the fact that the Commonwealth contends that Pal provided Dominick with the .38 caliber gun and wad-cutter bullets that he used to shoot Bonacci, a pre-trial ruling was made that the Commonwealth could present evidence of Pal's possession and display of a handgun in public, but that any evidence that Pal previously discharged a handgun in public was inadmissible under Pa.R.E. 404(b) since the Commonwealth does not assert that Pal fired a weapon at Bonacci.[1] *See Com. v. Pal*, 2014 WL 1632248, at *8 (Lacka. Co. 2014). The only pre-trial evidentiary motion that was timely filed by Dominick related to the proffered testimony of a jailhouse informant, *see Com. v. Dominick*, 2014 WL 1767474 (Lacka. Co. 2014), and Dominick never provided any seasonable indication of his intent to introduce any evidence of "other bad acts"

---

1. Rule 404(b)(2) states that proof of "other bad acts" is admissible for the purpose of proving "opportunity," and evidence that the defendant possessed a weapon or instrument that could have been used in a murder is admissible under the "opportunity" exception set forth in Rule 404(b)(2). *See Com. v. Reese*, 31 A.3d 708, 726 (Pa. Super. 2011); *Com. v. Akers*, 392 Pa. Super. 170, 186-188, 572 A.2d 746, 754 (1990), *app. denied*, 526 Pa. 627, 584 A.2d 310 (1990). Since the Commonwealth contends that Pal provided Dominick with the .38 caliber handgun and wad-cutter bullets used to kill Bonacci, and inasmuch as the Commonwealth's firearm and tool mark examiner concluded that bullet projectiles removed from the wall of Pal's garage have similar characteristics and tool marks as the projective removed from Bonacci's head during his autopsy, we held that the Commonwealth could introduce evidence that Pal discharged handguns into his garage wall to show, pursuant to the "opportunity" exception under Rule 404(b)(2), that Pal had the opportunity or means to provide the gun and bullets to Dominick. *Com. v. Pal*, 2014 WL 1632248, at *4 (Lacka. Co. 2014).

by Pal in conformity with Pa.R.E.404(b). Pal twice filed motions seeking to sever the joint trial of Dominick and Pal, but those motions for severance were denied due to the fact that as Pal could not identify any evidence that was admissible against one defendant, but inadmissible as to the other defendant. *See Com. v. Pal*, 2014 WL 1577521 (Lacka. Co. 2014); *Com. v. Pal*, 2014 WL 1042276 (Lacka. Co. 2014).

By Order dated January 13, 2014, the joint trial of Pal and Dominick was scheduled for Monday, April 28, 2014. On Thursday, April 24,2014, at 3:55 PM, Dominick filed "defendant's submission on the issue of evidence relating to character under Pennsylvania Rule of Evidence 404(b) relating [to] prior crimes, wrongs, or other acts" notifying the court and counsel for the first time of Dominick's intention to introduce evidence at trial of Pal's discharge or use of a handgun in public during alleged incidents involving Emily Gilgallon and Steve Bieryla.[2] *Com. v. Pal*, 2014 WL 1978623, at *2 (Lacka. Co. 2014). At 5:39 PM on April 24, 2014, counsel for the Commonwealth

---

2. In his defense of these murder charges, Dominick originally claimed that he was not present at the time of Bonacci's murder, nor was he involved in any manner with Bonacci's disappearance and murder. *See Com. v. Dominick*, 2014 WL 197352, at *5 (Lacka. Co. 2014) (quoting Transcript of Proceedings ("T.P.") in *Com. v. Dominick*, No.13 CR 2273, on 10/15/13 at pp. 177-180, 184, 186-193, 203, 211,213). In February and March of 2014, Dominick reportedly acknowledged to a fellow prison inmate that he murdered Bonacci due to their ongoing dispute over a woman, and stated that the fatal shooting occurred as Pal was driving Bonacci's vehicle with Bonacci seated in the front passenger seat and Dominick positioned in the rear passenger side seat. *Com. v. Pal*, 2014 WL 1577521, at *2-3 (Lacka. Co. 2014). After Dominick secured reports dated April 11, 2014, and April 23, 2014, from Emmanuel Kapelsohn opining "that the fatal shot could possibly have been fired from either the driver's seat or the rear right-side passenger seat, but would more easily have been fired from the driver's seat," Dominick altered his defense strategy again and asserted that Pal, not Dominick, shot Bonacci on July 20, 2013. *Com. v. Pal*, 2014 WL 1978623, at *2 (Lacka. Co. 2014).

forwarded an email communication to the undersigned and defense counsel requesting an emergency conference on April 25, 2014, to discuss Dominick's "other bad acts" submission that his counsel had filed at 3:55 PM. *Id.* at *3. After counsel for Dominick stated during that emergency conference on April 25, 2014, that Dominick intended "to argue that Pal was the shooter and to present evidence of Pal's prior bad acts" involving Ms. Gilgallon and Mr. Bieryla, and inasmuch as that same evidence had already been ruled inadmissible in Pal's prosecution, an order was filed on April 25, 2014, which stated:

> Thus, by virtue of Dominick's eleventh hour disclosure of the "prior bad acts" evidence he will now seek to introduce in an effort to show that Bonacci's murder was committed by someone else, evidence which is admissible in Dominick's case is inadmissible in Pal's prosecution, as a result of which these matters can no longer be tried to verdict in a joint trial. Consequently, and regrettably at this late date, the earlier rulings denying Pal's motions for severance will be reconsidered and the trial in *Com. v. Pal*, No. 13 CR 2269 and *Com. v. Dominick*, No. 13 CR 2273 will be severed for separate trials pursuant to Pa.R.Crim.P. 583. As promptly as practicable, counsel for the Commonwealth will advise defense counsel as to which case will be tried first commencing with jury selection on Monday, April 28, 2014, and which case will be tried second beginning with jury selection on June 2, 2014.

*Id.* The Commonwealth opted to try *Com. v. Dominick* first, and on May 10, 2014, the jury in that case found Dominick not guilty of first-degree murder and criminal conspiracy to commit first-degree murder, and guilty of

third-degree murder and criminal conspiracy to commit third-degree murder. (*See* Transcript of Proceedings ("T.P.") in *Com. v. Dominick*, No. 13 CR 2273, on 5/10/14 at pp. 15-16).

In his motion to dismiss, Pal notes that "the Commonwealth has charged Dominick as the princip[al]" on the ground "that he was the shooter at issue" and "has always proceeded on the theory that defendant Pal acted only as an accomplice and/or conspirator of defendant Dominick." (Defendant's motion to dismiss at ¶¶ 4-5). Based upon Dominick's acquittal of first-degree murder and criminal conspiracy to commit first-degree murder, Pal asserts that "[t]he Commonwealth is barred from trying defendant Pal on all first-degree murder charges on collateral estoppel grounds." (*Id.* at ¶ 9). Pal cites the trial court decision in *Com. v. Ricci*, 89 Pa. D. & C. 187 (Montg. Co. 1954) as the sole authority for his collateral estoppel argument. (*Id.* at ¶¶ 10-12).

"[I]t has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary." *Com. v. Campbell*, 539 Pa. 212, 219, 651 A.2d 1096, 1100 (1994) (citing *Dunn v. United States*, 284 U.S. 390, 393 (1932) and *Com. v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971)). As the Superior Court recently observed, "[i]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Com. v. Tha*, 64 A.2d 704, 711 (Pa. Super. 2013). For that reason, a defendant in a joint trial may be convicted of conspiracy even though the defendant's sole alleged coconspirator is acquitted of the conspiracy charge by the same jury. *Campbell*, 539 Pa. at 221,651 A.2d at 1101.

Pal's contention, that the acquittal of Dominick of the first-degree murder offenses bars Pal's prosecution for accomplice liability for those same offenses, is directly contrary to the clear language of Section 306 of the Pennsylvania Crimes Code governing accomplice liability. Section 306(g) of the Code, which became effective on June 6, 1973, expressly states that "[a]n accomplice may be convicted on proof of the commission of the offense and of his complicity therein, though the person claimed to have committed the offense ... has been convicted of a different offense or degree of offense...or has been acquitted." 18 Pa.C.S.A. § 306(g). In interpreting Section 306(g), the Supreme Court of Pennsylvania specifically rejected the collateral estoppel argument being advanced by Pal, and distinctly held "that a judgment of acquittal of one criminal defendant does not prevent the relitigation of an issue or controversy in the prosecution of another criminal defendant, even though the same transaction is involved." *Com. v. Brown*, 473 Pa. 358, 464, 375 A.2d 331,334-335 (1977) (concluding that trial court erred in dismissing murder charge against defendant based upon the earlier acquittal of defendant's accomplice arising out of the same killing). Thus, the fact that Dominick was acquitted of first-degree murder does not foreclose Pal's prosecution and conviction for accomplice liability for first-degree murder.[3]

---

3. The Montgomery County court ruling relied upon by Pal, *Com. v. Ricci*, 89 Pa. D. & C. 187 (Montg. Co. 1954), does not justify a contrary conclusion. In Ricci, the trial court reasoned, albeit without citation to any supporting authority, that "[w]here the principal in a separate trial is adjudged not guilty, there is no felony committed according to the verdict, and we cannot sentence an accessory before the fact to a felony, when a jury decided that no felony was ever committed." *Id.* at 188. The lower court holding in Ricci, was issued prior to the 1973 enactment of the above-quoted provision in Section 306(g) of the Crimes Code, 18 Pa.C.S.A., and the Supreme Court interpretation of that statutory

The same holds true with respect to the charge of conspiracy to commit first-degree murder. "[O]ur courts have held that the acquittal of a defendant's sole alleged coconspirator does not preclude the prosecution and conviction of that defendant on a conspiracy charge." *Com. v. Fremd*, 860 A.2d 515, 521 (Pa. Super. 2004), *app. denied*, 586 Pa. 708, 889 A.2d 1213 (2005). This well established axiom governs the culpability of an alleged conspirator regardless of whether the defendant's co-conspirator was subsequently acquitted at a later trial, *see Com. v. Byrd*, 490 Pa. 544, 555-556, 417 A.2d 173, 179 (1980), or was previously acquitted in an earlier trial. *See Com. v. Snowdy*, 412 Pa. Super. 493, 502, 603 A.2d 1044, 1048 (1992) (holding "that the acquittal of an alleged conspirator in a separate trial does not preclude finding his only alleged coconspirator guilty of conspiracy in subsequent proceedings."), *app. denied*, 533 Pa. 633, 621 A.2d 580 (1993); *Com. v. Phillips*, 411 Pa. Super. 329, 337-338, 601 A.2d 816,820 (1992), *aff'd*, 534 Pa. 423, 633 A.2d 604 (1993). As a result, Dominick's acquittal of conspiracy to commit first-degree murder has no effect upon Pal's criminal culpability for that same offense. *Snowdy, supra*; *Phillips, supra*.

Consequently, the acquittal of Dominick of principal liability for first-degree murder and criminal conspiracy to commit first-degree murder does not preclude the prosecution and conviction of Pal for first-degree murder as an accomplice and conspiracy to commit first-degree murder, particularly since Pal's charges will be decided

language in *Brown*. The rationale in *Ricci* directly conflicts with the unequivocal language of Section 306(g) and the Supreme Court holding in *Brown*. It is also noteworthy that no Pennsylvania court has ever cited or followed the holding in *Ricci*.

by a different jury which will hear substantially similar, but not identical, evidence. *See Campbell*, 539 Pa. at 216, 651 A.2d at 1099 ("The different verdicts could instead be the result of different proof offered at the separate trials or the different composition of the juries."). For that reason, it is unnecessary to require the filing of a response by the Commonwealth to Pal's motion to dismiss. Based upon 18 Pa.C.S.A. §306(g) and the appellate precedent discussed above, Pal's "Motion to Dismiss" is devoid of arguable merit and, therefore, will be denied.

And now, this 23rd day of April, 2014, upon consideration of the "Motion to Dismiss" filed by defendant, Neil Pal, on March 23, 2014, in anticipation of the trial which will begin on June 2, 2014, and based upon the reasoning set forth above, it is hereby ordered and decreed that the "Motion to Dismiss" filed by defendant, Neil Pal, is denied.