J-A28003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL ALLEN WASSER | : | |
| | : | |
| Appellant | : | No. 279 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 3, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000742-2023

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: MARCH 11, 2026**

Paul Allen Wasser appeals from the judgment of sentence entered after he was convicted, in a joint trial with Kelly Prosser, of sexual offenses against a female coworker.[1] Wasser presents several challenges to the jury's verdicts. We affirm.

On February 27, 2023, police charged Wasser in connection with an incident the night of February 17, 2022. The Commonwealth joined Wasser's and Prosser's cases for a jury trial, which was held beginning August 19, 2024.

At trial, the victim testified that when she was 19, she worked as a host/server at a brewery in Cumberland County. N.T., 8/20/24, at 40–42.

---

[1] 18 Pa.C.S. §§ 3123(a)(3)/306 (involuntary deviate sexual intercourse with an unconscious or unaware person, accomplice), 3121(a)(3)/306 (rape of an unconscious or unaware person, accomplice), 3124.1/306 (sexual assault, accomplice), 3124.1/903(a)(1) (conspiracy to commit sexual assault), 3124.1/306 (indecent assault, principal and accomplice), and 3126(a)(4)/903(a)(1) (conspiracy to commit indecent assault).

She said that one night in February of 2022, she went to Wasser and Prosser's house to play darts. She testified that there, Wasser pressured her to consume beer and a mixed drink with tequila. The victim testified that at one point, Wasser said if Prosser and the victim lost at darts, they would have to remove their shirts. She explained that she felt dizzy and lay down on the bed.

The victim described how, after she lay down on the bed, she woke up between Wasser and Prosser:

> I don't remember if I passed out or not, but I remember just waking up and . . . there was [Wasser] on one side and [Prosser] on the other. And they were talking.
>
> I wasn't quite sure what they were saying. And then I remember waking up again and I had my shirt off and I believe I had my pants off. I was just in my sports bra and underwear. But it felt like I couldn't get myself to move. And [Wasser] was on the same side as [Prosser] and . . . they were talking about having a taste of me. And [Wasser] was telling [Prosser] that she should.
>
> And I'm not quite sure what [Prosser] responded. And then everything kind of goes blank again. And I remember waking up, and [Wasser] was completely not clothed on top of me. And I remember pushing past him and kind of screaming what the fuck and asking him what was going on and him telling me you wanted this, you wanted it, and me just trying to ignore what he was saying and grab everything that I could like my shirt and my pants and just trying to find where all of my stuff was.

*Id.* at 52–53. The victim testified that Wasser's hands were on her labia at one point. *Id.* at 61. She said she felt unable to move her body. *Id.* at 62. The victim testified that over the course of the next day, she underwent an examination by a nurse. *Id.* at 54–57.

- 2 -

DNA analysis of four samples from the victim's examination showed that Wasser, and not Prosser, was a contributor to DNA from a swab of the victim's external genitalia, and Wasser could not be excluded as a contributor to DNA from a perianal/rectal swab. Prosser was a contributor to DNA from a swab of the victim's stomach. *Id.* at 152–59. Neither Wasser nor Prosser could be included as a contributor to DNA from an internal vaginal swab. *Id.* at 176.

Wesley Reck, a former friend of Prosser's, testified that Prosser told him and another person that "she got into a little bit of trouble" and was figuring out how to develop a defense. N.T., 8/20/24, at 222–23. Reck recounted how Prosser told him that police said her DNA was on the victim, and how she asked him to pretend to be her lawyer to formulate a defense. *Id.* at 224. According to Reck, Prosser said that she "may or may not have licked" the victim's "fun spot." *Id.* at 224, 229; *see id.* at 225 (Reck relating how Prosser clarified that the victim's "fun spot" was not "her butt hole").

The jury found Wasser guilty of the above crimes. Notably, the jury also found Prosser guilty of involuntary deviate sexual intercourse and rape as an accomplice but not guilty as a principal. Unlike Wasser, Prosser was not charged with sexual assault under an accomplice liability theory.

On December 3, 2024, the trial court sentenced Wasser to an aggregate term of four and a half to nine years of imprisonment and three years of consecutive probation. Wasser filed a timely post-sentence motion, which the trial court denied on January 29, 2025. Wasser timely appealed. Wasser and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Wasser maintains the following four issues for review:

I.      Whether the verdicts at Counts 1, 3, and 5 were inconsistent as both [Wasser and Prosser] were found guilty for accomplice liability only at Counts 1 and 3 and [Prosser] was not charged with Sexual Assault?

II.     Whether there was insufficient evidence to convict [Wasser] as an accomplice at Counts 1, 3, and 5 as the Commonwealth failed to prove beyond a reasonable doubt that the conduct charged at those Counts was accomplished.  Neither [Wasser nor Prosser] was convicted as a principal at those Counts?

III.    Whether there was insufficient evidence to convict [Wasser] as an accomplice at Counts 1, 3, and 5 as the Commonwealth failed to prove beyond a reasonable doubt that [Wasser] solicited, aided, or agreed or attempted to aid any other person in the planning or committing of the offenses charged at Counts 1, 3, and 5?

IV.     Whether there was insufficient evidence to convict [Wasser] of Conspiracy at Counts 6 and 8 as the Commonwealth failed to prove beyond a reasonable doubt that an agreement existed between [Wasser and Prosser] to commit either Sexual Assault or Indecent Assault?

Wasser's Brief at 8–9 (abandoned issues removed and remaining issues renumbered).

Wasser's first three issues are different attacks against his convictions for involuntary deviate sexual intercourse, rape, and sexual assault.  For each of these crimes, the Commonwealth prosecuted Wasser only as an accomplice, and the jury thus convicted Wasser only as an accomplice.  Notably, the Commonwealth prosecuted Prosser as a principal and as an accomplice on the charges of involuntary deviate sexual intercourse and rape, and Prosser was not charged with sexual assault.  Wasser's issues stem from the jury's verdicts

that Prosser was not guilty as a principal and guilty as an accomplice for the crimes of involuntary deviate sexual intercourse and rape.

First, Wasser directly argues that the verdicts were inconsistent, as no one was convicted of being the principal for the offenses at Counts 1, 3, and 5. Wasser recognizes that the Crimes Code allows for such a result:

> **Prosecution of accomplice only.--**An accomplice may be convicted on proof of the commission of the offense and of his complicity therein, though the person claimed to have committed the offense has not been prosecuted or convicted or has been convicted of a different offense or degree of offense or has an immunity to prosecution or conviction or <u>has been acquitted</u>.

18 Pa.C.S. § 306(g) (underline added). However, Wasser argues that the underlined portion above, being in present perfect tense, applies only to a prior acquittal of the alleged principal rather than a contemporaneous outcome at a joint trial. Furthermore, Wasser acknowledges that case law gives several theories to permit inconsistent verdicts, but he argues that this precedent should be disapproved. Instead, Wasser urges that because a jury is presumed to follow the court's instructions, any acquittal should be interpreted as a finding that precludes inconsistent convictions from the same trial.

Appellate analysis of a challenge to inconsistent verdicts entails a *de novo* review, the scope of which is plenary. ***Commonwealth v. Moore***, 103 A.3d 1240, 1244 (Pa. 2014) (citing ***Commonwealth v. Miller***, 35 A.3d 1206, 1208 n.4 (Pa. 2012)). Pennsylvania courts have long held that consistency in verdicts is not necessary, and inconsistent verdicts do not entitle a defendant to relief on the counts for which he was convicted. ***E.g.***, ***Commonwealth v.***

- 5 -

*Jordan*, 256 A.3d 1094, 1107 (Pa. 2021); *Commonwealth v. Carter*, 282 A.2d 375, 376 (Pa. 1971). Furthermore, the Supreme Court of Pennsylvania has applied subsection 306(g) to uphold a conviction for conspiracy where the jury acquitted the sole alleged co-conspirator in a joint trial. *Commonwealth v. Campbell*, 651 A.2d 1096, 1099–1100 (Pa. 1994) (ruling the statute applied equally to conspiracy and accomplice liability).

This Court must follow the Pennsylvania Supreme Court's mandatory authority. *Commonwealth v. Fuentes*, 272 A.3d 511, 521 (Pa. Super. 2022) (citing *Bell v. Willis*, 80 A.3d 476, 479 (Pa. Super. 2013)). The precedent cited above precludes relief from this Court on Wasser's claim of inconsistent verdicts. Wasser's first issue fails.

Second, Wasser argues that the evidence from trial is insufficient to sustain his accomplice-liability convictions because the Commonwealth failed to prove that the offenses were accomplished. He observes that the jury, following the trial court's instructions, found Prosser not guilty as a principal. Furthermore, Wasser contends that the victim's uncertain recollection and Prosser's equivocal statement that she "may or may not have licked" the victim's "fun spot" are insufficient to prove that the sexual acts occurred.

A court reviewing evidentiary sufficiency "must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact *could have found* that each and every element of the crimes charged was established beyond a reasonable doubt." *Commonwealth v. McDonough*,

- 6 -

96 A.3d 1067, 1068–69 (Pa. Super. 2014) (emphasis added) (citing *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000)). We must sustain a conviction if the evidence from trial meets this standard, even if the verdict on other charges was inconsistent with guilt. *See Miller*, 35 A.3d at 1208. In assessing sufficiency, we do not require the testimony of a sexual assault victim to be corroborated if it establishes the elements of the offenses at issue. *McDonough*, 96 A.3d at 1069; *see* 18 Pa.C.S. § 3106. Importantly, we recognize in our review that the jury "is free to believe all, part, or none of the evidence" from trial. *Commonwealth v. Cramer*, 195 A.3d 594, 601 (Pa. Super. 2018) (quoting *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014)).

The disputed elements here are "sexual intercourse" and "deviate sexual intercourse." *See* 18 Pa.C.S. §§ 3101 (definitions), 3123(a)(3) (involuntary deviate sexual intercourse), 3121(a)(3) (rape), and 3124.1 (sexual assault). Both definitions include putting one's tongue or mouth on a female's external genitalia. *Commonwealth v. Banniger*, 303 A.3d 1085, 1092 (Pa. Super. 2023) (citing *Commonwealth v. Westcott*, 523 A.2d 1140, 1145–47 (Pa. Super. 1987), and *Interest of J.R.*, 648 A.2d 28, 33 (Pa. Super. 1994)).

Here, the evidence from trial is sufficient to sustain the challenged convictions. The victim remembered Prosser telling Wasser that she should have "a taste of" her. Prosser told Reck that she "may or may not have licked" the victim's "fun spot." The jury could have inferred that Prosser accepted Wasser's suggestion to lick the victim's genitals, and Prosser later equivocated

to Reck in the context of thinking of a defense to Prosser's actions. Because this finding would be reasonable based on the evidence from trial, the evidence is sufficient to show the offenses were accomplished. Wasser's second issue fails.

Third, Wasser argues the evidence is insufficient to prove his liability as an accomplice. He contends that the victim's recollection that "they were talking about having a taste of" her, and that Wasser "was telling [Prosser] that she should," is ambiguous whether Wasser encouraged Prosser or merely agreed with Prosser's own decision to lick the victim's genitals. Wasser thus concludes that the jury was left to speculate as to his role in Prosser's action.

By statute, a defendant can be "legally accountable for the conduct of another person" if "he is an accomplice of such other person in the commission of the offense." 18 Pa.C.S. § 306(b)(3). While this can be proven in multiple ways, relevant here, a defendant "is an accomplice of another person in the commission of an offense if" "with the intent of promoting or facilitating the commission of the offense, he solicits such other person to commit it; or aids or agrees or attempts to aid such other person in planning or committing it." 18 Pa.C.S. § 306(c)(1)(i), (ii). Proof of a defendant's liability as an accomplice requires more than his knowledge of a crime or presence at the scene; rather, the Commonwealth must establish that he "actively participated in the crime by soliciting, aiding, or agreeing to aid the principal." *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004) (citation omitted).

Here, the jury could have found that Wasser actively participated in the offenses at Counts 1, 3, and 5 when he talked with Prosser about "having a taste of" the victim. His statement to Prosser "that she should" do so supports a finding that he solicited the criminal act. Wasser's third issue fails.

Wasser's fourth issue pertains to his convictions for conspiracy to commit the crimes of sexual assault and indecent assault. He argues that the Commonwealth could not prove that Wasser and Prosser agreed to commit the relevant crimes. Notably, Wasser urges against relying on the victim's recollection of the defendants' actions while the victim was on the bed because the Commonwealth alleged her to be "unconscious or unaware" in Wasser's other charges; "the Commonwealth shouldn't be permitted to have its cake and eat it too." Wasser's Brief at 67–70.

In reviewing sufficiency, we recognize that the jury could believe any part of the evidence. *Cramer*, 195 A.3d at 601. Here, that includes the victim's testimony that Wasser and Prosser talked about "having a taste of" the victim and Wasser told Prosser "that she should." It also includes the victim's recollection that her clothes were removed and how the co-defendants were positioned on the bed beside her. The jury could find from the victim's account that Wasser and Prosser formed an agreement to engage in criminal conduct. *See* 18 Pa.C.S. § 903(a). Furthermore, the victim's moments of awareness while she was on the bed do not negate her unconsciousness as applied to Wasser's other charges. *Cf. Commonwealth v. Erney*, 698 A.2d 56, 58–59 & 59 n.4 (Pa. 1997) (affirming a conviction for rape of an

unconscious or unaware person where, like here, the victim was intermittently unconscious and "drifting in and out"). The jury could credit the victim's recollection of events while she was aware to find that Wasser and Prosser agreed to the sexual assault. Thus, Wasser's fourth issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2026